UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSHUA ORGERON, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-4349 |
| MIC GENERAL INSURANCE CORPORATION | * | SECTION "A" (2) |

**ORDER AND REASONS**

Before me is Defendant MIC General Insurance Corporation's Motion to Opt Out of Hurricane Ida Streamlined Settlement program. ECF No. 17. Plaintiffs Joshua and Maura Orgeron filed a timely response indicating they have no opposition to the request. ECF No. 23. No party requested oral argument, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant MIC General Insurance Corporation's motion is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.      BACKGROUND**

Plaintiffs Joshua and Maura Orgeron filed suit against Defendant MIC General Insurance Corporation to recover for Hurricane Ida damages to their property in Lockport, Louisiana. ECF No. 1-2. After removing the state court action to this court, Defendant MIC General Insurance Corporation filed a Motion to Dismiss. ECF Nos. 1, 12. It thereafter filed this motion to opt-out of the Hurricane Ida Streamlined Settlement Program on the basis that its dispositive motion seeks dismissal on the basis that Plaintiffs are not named insureds, additional insureds or third-party beneficiaries under the policy of insurance. ECF No. 17.

## II. APPLICABLE LAW & ANALYSIS

On August 26, 2022, this Court adopted CMO No. 1 to govern Hurricane Ida claims. CMO #1 includes provisions for certain mandatory initial disclosures as well as a streamlined settlement program ("SSP") that requires parties to engage in informal settlement conferences as well as court-ordered mediation. *See* Sections 1, 3. Although parties may generally not opt out of the mandatory initial disclosures set forth in Section 1, within 15 days of the responsive pleading or entry of the CMO, a party may seek to opt-out of the SSP in Section 3 upon a showing of good cause. *See* Section 3.

Defendant MIC General Insurance Corporation argues that good cause to opt-out is present because resolution of the legal issue of whether Plaintiffs are covered under the policy may more expeditiously resolve this matter. ECF No. 17-2 at 2.

The Court agrees that the issue of whether Plaintiffs are covered under the policy is a primary issue that should be resolved before proceeding with the next phases of the SSP. Accordingly, Defendant's request to opt-out of the CMO is granted, but only for the limited purpose of filing its dispositive motion. The parties remain obliged to comply with all other terms of the CMO unless or until the matter is resolved on Defendant's motion or otherwise.

## III. CONCLUSION

For the foregoing reasons, Defendant MIC General Insurance Corporation should be allowed limited relief from the CMO, solely for purposes of pursuing its Motion to Dismiss on the basis of whether Plaintiffs are named insureds, additional insureds or third-party beneficiaries under the governing policy. Accordingly,

IT IS ORDERED that Defendant MIC General Insurance Corporation's Motion to Opt Out of the Streamlined Settlement Program (ECF No. 17) is GRANTED IN PART AND DENIED IN

PART. Defendant is granted limited relief from the CMO's automatic stay solely to enable it to pursue its motion to dismiss as set forth herein. If the motion is denied or the case otherwise remains on the docket, it will remain subject to the Hurricane Ida CMO and the Streamlined Settlement Program.

New Orleans, Louisiana, this ___4th___ day of January, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE